1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ANTOINE D. JOHNSON, | CASE NO. C22-5244RJB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| UNITED STATES PROBATION AND PRETRIAL SERVICES, | |
| Respondent. | |

This matter comes before the Court on Petitioner Antoine D. Johnson's *pro se* petition for habeas corpus relief, challenging his criminal conviction in 3:09-cr-5703-RBL. The Court has considered the petition and the remaining record. The petition should be dismissed without prejudice and without issuance of a certificate of appealabilty.

The petition states that he seeks relief under 28 U.S.C. §2241 because he was convicted of various offences in "violation of 21 U.S.C. 823(g)(2)(D)(ii), 42 U.S.C. 290bb-2a, 42 U.S..C. 290dd-2(i) and the Equal Protection Component of the Due Process Clause . . . through

ORDER - 1

discrimination on the basis of information received by . . . law enforcement and because of his race." Dkt. 1.

After the Petitioner's conviction, he filed a direct appeal, and his conviction was affirmed. *United States v. Johnson*, Western Dist. of Washington case number 09-5703. He filed a petition for habeas relief under § 2255, asserting, in part, that he was actually innocent based on his assertion that he was running a "substance abuse treatment facility." *Johnson v. United States,* Western Dist. of Washington case number 14-6018 RBL. Petitioner was denied relief under § 2255 and on March 3, 2016, the Ninth Circuit denied his request for a certificate of appealability. *Johnson v. United States,* Western Dist. of Washington case number 14-6018, Dkts. 15 and 21.

This is Petitioner's sixth case in this district in which he sought relief from his conviction pursuant to § 2241. *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5125 JCC, *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5269 JCC; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5812 MJP; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5845 MJP; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 22-5163 RSM.

Each time, the Court found that although Petitioner cited § 2241, the relief he sought was properly brought under § 2255, and either dismissed the case without prejudice or denied him relief. *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5125 JCC, Dkt. 64; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5269 JCC, Dkts. 56; *Johnson v. United States Probation &*

ORDER - 2

*Pretrial Service*, West. Dist. of Washington case number 21-5812 MJP, Dkt. 32; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 22-5845 MJP, Dkt. 18; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 22-5163 RSM, Dkt. 4;

Petitioner's appeals were not successful. *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5125 JCC, Dkt. 72; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5269 JCC, Dkt. 64; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5812 MJP, Dkt. 36; *Johnson v. United States Probation & Pretrial Service*, West. Dist. of Washington case number 21-5845 MJP, Dkt. 36.

Prior to his attempts in this district, Petitioner filed five § 2241 habeas cases in the Eastern Dist. of California seeking relief from his conviction. *Johnson v. Salazar,* Eastern Dist. California case number 2:17-1310 JAM-KJN; *Johnson v. Ponce,* Eastern Dist. California case number 2:16-1037 JAM-AC; *Johnson v. Salazar,* Eastern Dist. California case number 2:18-0988 MCE-AC; *Johnson v. Thompsen,* Eastern Dist. California case number 2:18-1977 JAM-AC; *Johnson v. Thompsen,* Eastern Dist. California case number 2:18-1977 MCE-AC. Each time, the California courts found that the Petitioner improperly filed his petition as a § 2241 when he really sought relief under § 2255. *Id.* He did not receive habeas relief in any of the California cases. *Id.*

In his current petition (which is his 11th attempt), the Petitioner again asserts that he was actually innocent of the drug charges because he was operating a substance abuse treatment facility and the records he kept of others' substance abuse disorders should not have been admitted. Dkt. 1. He contends that had his patients' records not been entered, no reasonable jury

ORDER - 3

would have convicted him. *Id.* Petitioner asserts that the law has changed and includes an anti-discrimination provision. *Id.* Petitioner also filed two additional pleadings he wants considered with his Petition, a "Declaration (structural error)" (Dkt. 5), where he again asserts that he was running a substance abuse treatment facility, and "Declaration (structural error)," (Dkt.6), where he argues various judges did not certify that they were familiar with the record before they issued rulings. The allegations in "Declaration (structural error)" (Dkt. 5) and "Declaration (structural error)" (Dkt. 6) are wholly frivolous and merit no further attention.

## DISCUSSION

### A.  HABEAS PETITION

Generally, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). "[A] federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. This is called the 'savings clause' or 'escape hatch' of § 2255." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). To qualify for the escape hatch, a petitioner must "(1) make[] a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.*

Petitioner has failed to demonstrate that he qualifies for the escape hatch provision of § 2255. He has failed to make a claim of actual innocence. *Alaimalo* at 1047. Petitioner has not claimed that he is factually innocent. Further, he has not shown that he has not had a clear procedural shot at presenting that claim. *Alaimalo,* at 1047. The records in the other cases demonstrate that he has attempted this same or a similar claim several times. As stated the prior orders in Petitioner's other habeas cases, he has improperly invoked § 2241 when it is clear from

his pleadings that he seeks habeas relief under § 2255.  This is an impermissible attempt to try to avoid the filing restrictions § 2255 petition.

Any prisoner seeking to file a successive § 2255 must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

Because Petitioner has previously filed at least eleven 28 U.S.C. § 2255 petitions, the instant Petition is a successive one.  Accordingly, this Court is without jurisdiction to consider the Petition until the Ninth Circuit Court of Appeals has authorized its filing.  The Petition should be dismissed without prejudice.

## B. CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

A certificate of appealability should be denied.  Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Jurists could not agree that the issues presented were adequate to deserve encouragement to proceed further.  *Slack* at 483-485.

## C. OTHER PLEADINGS AND CLOSURE OF CASE

Further pleadings will be docketed in this case, but, other than a notice of appeal, the Court will not act on further pleadings filed in this case. This case should be closed.

**D. VEXATIOUS LITIGATION - WARNING**

The Petitioner should be aware that in improperly filing eleven § 2241 cases that were actually § 2255 cases, he may be considered an abusive litigant. The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to issue all writs necessary or appropriate in aid of the court's jurisdiction and agreeable to the usages and principles of law. Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Ringgold-Lockhard v. County of Los Angeles*, 761 F.3d 1047, 1061 (9th Cir. 2014), citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Petitioner should be on notice that if he chooses to continue to file these types of cases, he could be subject to an order restricting his access to the courts.

**ORDER**

It is **ORDERED** that:

- The Petitioner's petition **IS DISMISSED WITHOUT PREJUDICE**;
- A Certificate of Appealability **IS DENIED**; and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of May, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge